Steven R. Morasse, Esq. (SBN 117693)
MORASSE COLLINS & CLARK
A Professional Corporation
1401 Dove Street, Suite 310
Newport Beach, California 92660
Telephone: (949) 622-0600
Facsimile: (949) 622-0601
Email: steve@mcc-lawyers.com

Attorneys for Counterclaimant Etiwanda Logistics, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIQUE INNOVATIONS, INC., a New York corporation<br><br>Plaintiff,<br><br>v.<br><br>ETIWANDA LOGISTICS, INC., a California corporation<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 5:20-cv-00861-SSS-SHK<br><br>Honorable Sunshine S. Sykes<br>Courtroom 2<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

Defendant and Counterclaimant Etiwanda Logistics, Inc. ("ELI") respectfully submits the following Memorandum of Contentions of Fact and Law:

1.  <u>Summary Statement of Counterclaims and Affirmative Defenses That ELI has pleaded and plans to pursue.</u>

..

Counterclaim 1 (Breach of Written Contract): Plaintiff Fabrique Innovations Inc. ("Fabrique or "Plaintiff") breached the modified written contract with ELI by failing to pay ELI and by failing to timely remove its goods from ELI's warehouse by January 1, 2020 as agreed.

Counterclaim 2 (Trespass): Plaintiff committed a trespass by failing to timely remove its goods from ELI's warehouse by January 1, 2020 as agreed and by continuing to trespass until August 31, 2020 when Plaintiff finally completely removed its goods.

Counterclaim 3 (Interference With Prospective Economic Advantage): Plaintiff interfered with ELI's prospective economic advantage by failing to timely remove its goods from ELI's warehouse by January 1, 2020 as agreed which caused ELI to lose additional business with another existing ELI customer (BWI).

Counterclaim 4 (Quantum Meriut):    Plaintiff is obligated to pay ELI the reasonable value of the storage, work, labor and services provided by ELI to Fabrique from January 1, 2020 to August 31, 2020.

First Affirmative Defense:  The complaint fails to state sufficient facts to state a claim upon which relief can be granted.

Second Affirmative Defense: Plaintiff breached the modified written contract with ELI by failing to pay ELI and by failing to timely remove its goods from ELI's warehouse by January 1, 2020 as agreed.  Such breach bars this action.

Third Affirmative Defense:  Plaintiff consented to ELI's conduct.

Fourth Affirmative Defense: ELI's actions were privileged.

<u>Fifth Affirmative Defense</u>: Plaintiff's alleged claims are barred by waiver and/or estoppel.

<u>Sixth Affirmative Defense</u>: Plaintiff failed to reasonably mitigate its alleged damages.

<u>Seventh Affirmative Defense</u>: Plaintiff's alleged claims are barred by ELI's counterclaims.

<u>Eighth Affirmative Defense</u>: Plaintiffs alleged claims are subject to offset and setoff.

2. <u>Elements Required To Establish ELI's Counterclaims and Affirmative Defenses.</u>

*Elements of Counterclaim 1 (Breach of Written Contract)*

1. Fabrique and ELI entered into a contract;
2. ELI did all, or substantially all, of the significant things that the contract required it to do;
3. Fabrique failed to do something that the contract required it to do;
4. ELI was harmed; and
5. Fabrique's breach of contract was a substantial factor in causing ELI's harm.

See CACI 303.

<u>Key Evidence</u>: Letter agreement dated 1/18/2019. Modification dated October 31, 2019. Emails between ELI and Fabrique. Testimony of Pavan Makker and Brandon Ortiz.

*Elements of Counterclaim 2 (Trespass)*

1. ELI leased a warehouse property;
2. Fabrique had permission to store goods at the property until January 1, 2020.
3. Fabrique exceeded ELI's permission by keeping its goods at the property after January 1, 2020;
4. If you find all of the above, then the law assumes that ELI has been harmed and ELI is entitled to a nominal sum such as one dollar.
5. ELI is entitled to additional damages if ELI prove the following:
6. ELI was actually harmed; and
7. Fabrique's conduct was a substantial factor in causing ELI's harm.

See CACI 2000.

Key Evidence: Letter agreement dated 1/18/2019. Modification dated October 31, 2019. Emails between ELI and Fabrique. Testimony of Pavan Makker, Brandon Ortiz and David V. Hanzich.

*Elements of Counterclaim 3 (Interference With Prospective Economic Advantage)*

1. ELI and BWI were in an economic relationship that probably would have resulted in a future economic benefit to ELI;
2. Fabrique knew or should have known of this relationship;
3. Fabrique knew or should have known that this relationship would be disrupted if it failed to act with reasonable care;
4. Fabrique failed to act with reasonable care;
5. Fabrique engaged in wrongful conduct through breaching its agreement with ELI and keeping its goods at ELI's warehouse property without ELI's permission after January 1, 2020;

  6. The relationship was disrupted;

  7. ELI was harmed; and

  8. Fabrique's wrongful conduct was a substantial factor in causing ELI's harm.
CACI 2204.

<u>Key Evidence</u>: Letter agreement dated 1/18/2019.  Modification dated October 31, 2019. Emails between ELI and Fabrique.  Emails between ELI and BWI.  Testimony of Pavan Makker, Niv Pollack, Brandon Ortiz, and David V. Hanzich.

*Elements of Counterclaim 4 (Quantum Meriut):*

  1. Fabrique requested, by words or conduct, that ELI store goods, deliver goods, and perform services for the benefit of Fabrique;

  2. ELI stored the goods, delivered the goods and performed the services as requested;

  3. Fabrique has not paid ELI for the storage, delivery and services; and

  4. The reasonable value of the storage, delivery and services that were provided.
CACI 371.

<u>Key Evidence</u>: Letter agreement dated 1/18/2019.  Modification dated October 31, 2019. Emails between ELI and Fabrique.  Testimony of Pavan Makker and Brandon Ortiz.

*Elements of First Affirmative Defense (Failure to State a Claim Upon Which Relief Can Be Granted.*

  1. There is no authority for a cause of action for an alleged violation of California Commercial Code Section 7210 as alleged in the third claim of the complaint. ..

*Elements of Second Affirmative Defense (Breach of Contract by Fabrique):*

1. Fabrique and ELI entered into a contract;
2. ELI did all, or substantially all, of the significant things that the contract required it to do;
3. Fabrique failed to do something that the contract required it to do;
4. ELI was harmed; and
5. Fabrique's breach of contract was a substantial factor in causing ELI's harm.

See CACI 303.

Key Evidence: Letter agreement dated 1/18/2019.  Modification dated October 31, 2019.  Emails between ELI and Fabrique.  Testimony of Pavan Makker and Brandon Ortiz.

*Elements of Third Affirmative Defense (Consent):*

1. There can be no conversion where an owner either expressly or impliedly assents to or ratifies the taking, use or disposition of his property.

See *Farrington v. A. Teichert & Son, Inc.* (1943) 59 Cal.App.2d 468, 474

Key Evidence: Letter agreement dated 1/18/2019.  Modification dated October 31, 2019.  Emails between ELI and Fabrique.  Testimony of Pavan Makker and Brandon Ortiz.  *California Commercial Code Section 7209* et. seq.

*Elements of Fourth Affirmative Defense (Privilege):*

1. A warehouse has a lien against the bailor on the goods covered by a storage agreement.

    2.    A warehouse's lien may be enforced by public or private sale of goods. *See California Commercial Code Section 7209 et. seq.*

<u>Key Evidence</u>: Letter agreement dated 1/18/2019.  Modification dated October 31, 2019. Emails between ELI and Fabrique.  Testimony of Pavan Makker and Brandon Ortiz. *California Commercial Code Section 7209* et. seq.

*Elements of Fifth Affirmative Defense (Estoppel):*

    1.    The party to be estopped must know the facts.

    2.    The party must intend that the party's conduct will be acted on, or must act in such a way that the party asserting the estoppel had the right to believe that the conduct was so intended;

    3.    The party asserting the estoppel must be ignorant of the true state of facts;

    4.    That party must rely upon the conduct to the party's detriment.

See *Ashou v. Liberty Mutual Fire Ins. Co. (2006) 138 Cal.App.4th 748, 766–767*

<u>Key Evidence</u>: Letter agreement dated 1/18/2019.  Emails between ELI and Fabrique. Testimony of Pavan Makker and Brandon Ortiz.

*Elements of Sixth Affirmative Defense (Failure To Mitigate):*

    1.    A plaintiff has a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts.

See *Thrifty-Tel, Inc. v. Bezenek (1996) 46 Cal.App.4th 1559, 1568*

<u>Key Evidence</u>: Letter agreement dated 1/18/2019.  Emails between ELI and Fabrique. Testimony of Pavan Makker and Brandon Ortiz.

*Elements of Seventh Affirmative Defense (Counterclaims) and Eighth Affirmative Defense*

*(Offset/Set Off):*

1. There are cross-demands for money.
2. ELI's recovery exceeds Fabrique's.

See *Code of Civil Procedure Sections 431.70 and 666.*

Key Evidence: Letter agreement dated 1/18/2019.  Modification dated October 31, 2019.  Emails between ELI and Fabrique.  Emails between ELI and BWI.  Testimony of Pavan Makker, Niv Pollack, Brandon Ortiz, David V. Hanzich and Scott Van Horn.

3. Anticipated Evidentiary Issues.

ELI has two (2) anticipated evidentiary issues.  First, Fabrique failed to designate any expert witnesses.  Fabrique did, however, designate the owner of Fabrique – Simon Garfinkel – as a rebuttal expert to allegedly rebut the expert testimony and report of ELI's economic damages expert (David V. Hanzich) and the expert testimony and report of ELI's California licensed auctioneer – Scott Van Horn – on the auction/liquidation value of Fabrique's goods stored at ELI's warehouse property.  Mr. Garfinkel has also been designated to rebut the expert opinion of Pavan Makker on reasonable storage rates.

ELI's position is that Mr. Garfinkel is not qualified to testify on any of these issues under FRE 702.  Thus, any attempt to do so should be excluded.

Second, ELI served discovery on Fabrique regarding what ultimately became of the goods that Fabrique claims were somehow converted by ELI.  Fabrique provided no responses or documents.  ELI's position is that any alleged evidence of conversion damages should be excluded due to Fabrique failure to provide such documents and

..
..
..
..

1 | information.

2 | Dated: September 8, 2023

MORASSE COLLINS & CLARK, APC

By: */s/ Steven R. Morasse*
Steven R. Morasse, Esq. (SBN 117693)
1401 Dove Street, Suite 310
Newport Beach, California 92660
Telephone: (949) 622-0600
Facsimile: (949) 622-0601
E-mail: steve@mcc-lawyers.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Electronic Service List for this case.

Dated:  September 8, 2023                MORASSE COLLINS & CLARK,
                                         A Professional Corporation


                                By:      */s/ Steven R. Morasse*
                                         Steven R. Morasse, Esq. (SBN 117693)
                                         Attorneys for Defendant
                                         1401 Dove Street, Suite 310
                                         Newport Beach, California 92660
                                         Telephone: (949) 622-0600
                                         Facsimile: (949) 622-0601
                                         E-mail: steve@mcc-lawyers.com


# WORD COUNT

I hereby certify that the enclosed opposition is produced using 14-point or greater Roman type, including footnotes, and contains 1,777 words, which is less than the total words permitted by the local rules of court.  Counsel relies on the word count of the computer program used to prepare this opposition.

Dated:  September 8, 2023                MORASSE COLLINS & CLARK,
                                         A Professional Corporation


                                By:      */s/ Steven R. Morasse*
                                         Steven R. Morasse, Esq. (SBN 117693)
                                         Attorneys for Defendant
                                         1401 Dove Street, Suite 310
                                         Newport Beach, California 92660
                                         Telephone: (949) 622-0600
                                         Facsimile: (949) 622-0601
                                         E-mail: steve@mcc-lawyers.com